UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD S. ADKINS, individually
and on behalf of the estate of
JO ANN ADKINS, deceased,

       Plaintiff,

v.                                              Case No. 8:05-cv-1851-T-24 EAJ

UNITED STATES OF AMERICA,

       Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Change of Venue. (Doc. No. 9). Plaintiff opposes the motion. (Doc. No. 12).

**I. Background**

Plaintiff filed suit against Defendant under the Federal Tort Claims Act. Plaintiff's claims result from the death of his wife. Specifically, Plaintiff alleges the following in his complaint (Doc. No. 1): Plaintiff is an active duty member of the United States Air Force. He and his wife resided at Elmendorff Air Force Base in Alaska. On June 11, 2004, Plaintiff's wife underwent an elective ileocecectomy at Elmendorff Air Force Hospital ("Elmendorff Hospital"), which is owned and operated by Defendant. The surgery was reported to have been performed without complication. However, four days later, Plaintiff's wife complained of acute abdominal pain. The pain continued, and she underwent surgery on June 17, 2004. From June 17, 2004 through June 26, 2004, Plaintiff's wife remained in the ICU. On June 28, 2004, Plaintiff's wife was transferred to Providence Alaska Medical Center ("PAMC") in Anchorage, Alaska. Her

condition deteriorated, and she died on September 15, 2004.

Plaintiff alleges that Defendant was negligent in the care and treatment of his wife. Therefore, Plaintiff asserts two claims: (1) a survival action and (2) wrongful death.

Plaintiff filed suit in the Middle District of Florida, because he was reassigned to MacDill Air Force Base in Florida in January of 2005. Venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. § 1402(b), which provides that a claim under 28 U.S.C. § 1346(b)[1] may be prosecuted in the judicial district where the plaintiff resides. Defendant moves to transfer this case to the District of Alaska for the convenience of parties and witnesses, pursuant to 28 U.S.C. § 1404(a).

## II.  Motion to Change Venue

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." While venue is proper in this Court, Plaintiff could have filed this case in the District of Alaska, since 28 U.S.C. § 1402(b) provides that venue is also proper in the judicial district where the act or omission complained of occurred.

Since venue is proper in this Court, Defendant has the burden of demonstrating that the case should be transferred in the interests of convenience and justice. See Folkes v. Haley, 64 F. Supp.2d 1152, 1154 (M.D. Ala. 1999)(citations omitted). In determining whether the case

---

[1]Section 1346(b) provides that the district courts have exclusive jurisdiction of civil actions on claims against the United States, for money damages, for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

should be transferred, the Court considers several factors: "(1) convenience of the parties; (2) convenience of the witnesses; (3) relative ease of access to sources of proof; (4) availability of process to compel presence of unwilling witnesses; (5) cost of obtaining presence of witnesses; (6) the public interest." Windmere Corp. v. Remington Products, Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985)(citations omitted). "Section 1404(a) provides for transfer to a more convenient forum, but not to one which is likely to prove equally convenient or inconvenient." Johnston v. Foster-Wheeler Constructors, Inc., 158 F.R.D. 496, 503 (M.D. Ala. 1994)(citation omitted).

"In determining the propriety of transfer, the Court must give considerable weight to Plaintiff's choice of forum." Oakes v. Whitten, 685 F. Supp. 1228, 1229 (M.D. Fla. 1988)(citation omitted). "Only if Plaintiff's choice is clearly outweighed by consideration of convenience, cost, judicial economy, and expeditious discovery and trial process should this Court disregard the choice of forum and transfer the action." Id.

Upon consideration, the Court finds that Defendant has satisfied its burden of demonstrating that this case should be transferred to the District of Alaska in the interests of convenience and justice. The Court bases this conclusion on the following: (1) all of the relevant military fact witnesses involved in the care and treatment of Plaintiff's wife, with the exception of Dr. David Copp[2], are located in Alaska[3]; (2) the doctors, nurses, and technicians that treated Plaintiff's wife at PAMC while she was treated there for two-and-a-half months are located in

---

[2] Dr. Copp performed the surgery at issue. He is currently assigned to Brooks Air Force Base in Texas.

[3] Defendant specifically identifies sixteen potential military witnesses.

3

Alaska[4]; (3) Plaintiff is the only witness that is located in Florida[5]; (4) the relevant documents and medical records are located at Elmendorff Hospital and PAMC in Alaska; and (5) the substantive law of Alaska will apply, and the District of Alaska is better suited to apply and interpret its state substantive law[6].  Furthermore, besides the fact that Plaintiff resides in Florida, the Middle District of Florida has no connection to this case, since all of the actions complained of occurred in Alaska.  See Johnston, 158 F.R.D. at 505 (stating that the interest of justice favored transfer since all of the actions occurred in the transferee state, the law of the transferee state controlled, and the only connection to the forum was the fact that the plaintiff lived there); Oakes, 685 F. Supp. at 1230 (stating that the interest of justice favored transfer since all of the actions occurred in the transferee state and the law of the transferee state controlled).

The Court has considered all of Plaintiff's arguments in opposition to the motion to transfer, but the Court finds that Plaintiff's choice of forum is clearly outweighed by consideration of the interests of convenience and justice.  As such, the Court finds that Defendant's motion should be granted.

**III.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)    Defendant's Motion for Change of Venue (Doc. No. 9) is **GRANTED**;

(2)    The preliminary pretrial conference that was scheduled for February 24, 2006 is

---

[4]In his initial disclosures, Plaintiff identified fourteen doctors at PAMC that may have information or knowledge regarding the medical care and treatment of Plaintiff's wife that forms the basis for his claim.  (Doc. No. 9-2).

[5]Plaintiff's attorney is located in Virginia.

[6]See Hutchens v. Bill Heard Chevrolet Co., 928 F. Supp. 1089, 1091 (M.D. Ala. 1996).

cancelled; and

(3)   The Clerk is directed to transfer this case to the United States District Court for the District of Alaska.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of February, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record